(51 App. Div. 95.)

## BROMLEY v. MILES.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. TROVER AND CONVERSION—CROPS—STATUTE OF FRAUDS.

Where plaintiff took possession of and worked his wife's farm under an agreement that he should support himself and wife therefrom and retain the balance, and, before harvesting the crops planted by him, the wife conveyed the farm to defendant and gave a bill of sale of the crops, plaintiff, having performed his part of the contract, was the owner of the crops, and entitled to recover for their conversion by defendant, though his agreement with the wife was void under the statute of frauds.

2. SAME—TENANCY IN COMMON.

A refusal to hold, as a matter of law, that plaintiff and his wife were tenants in common of the crops, was proper.

3. SAME—DEMAND—APPEAL.

Where in an action by a husband against his wife's grantee for the conversion of crops, there was no question raised as to the sufficiency of

64 N.Y.S.—23

plaintiff's demand, defendant was not entitled to object on appeal that sufficient demand had not been made to entitle plaintiff to recover.

Appeal from St. Lawrence county court.

Action for conversion by John H. Bromley against Rhoda E. Miles. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Worth Chamberlain, for appellant.

Bowers & Russell, for respondent.

MERWIN, J. From February, 1897, to August 8, 1898, the plaintiff was, as he claims, in possession of the farm of his wife under an arrangement by which, in consideration of their marriage, he was to carry on the farm, provide for the support of his wife and himself out of the proceeds, and have the balance, if any, as his own property. He claims: That up to August 8, 1898, he had fully performed upon his part. He had put in certain crops, which at that date were not harvested. He had cut the grass and stored the hay in the barn. On the 27th July, 1898, the plaintiff's wife conveyed the farm to the defendant, and gave her a bill of sale of the hay and crops and some other personal property. The defendant notified the plaintiff that she owned all the property, forbade his taking any of it away or meddling with it, and on the 8th of August directed him to leave. He did so. He then sued her in conversion for the hay and crops, and has recovered their value. The recovery is necessarily on the theory that he was the owner of the crops including the hay. No distinction was made at the trial between the hay and the other crops. The defendant claims that there was no such contract as the plaintiff claims. This question the jury, upon sufficient evidence, decided in favor of the plaintiff. The court held that, if there was such a contract, it was void under the statute of frauds, not being in writing, but charged the jury that if the plaintiff went into possession under the contract, and, in its performance, put in the crops and carried on the farm, performing the contract upon his part, he was the owner of the crops. This view is sustained by the case of Harris v. Frink, 49 N. Y. 24. Whether plaintiff was in possession under the contract, and had performed up to the time it was repudiated by the wife, were questions of fact. The crops were all put in and the hay harvested before the repudiation.

The court did not err in refusing to hold, as matter of law, that the plaintiff and his wife were tenants in common of the crops. At most, it was a question of fact (Martin v. Rector, 101 N. Y. 77, 4 N. E. 183), and no special submission of that question to the jury was asked for.

It is claimed by the defendant that no sufficient demand upon the defendant was shown. No question as to this was made upon the motion for a nonsuit at the close of plaintiff's evidence, nor upon the motion at the close of the case, except in connection with the

idea of a tenancy in common between plaintiff and his wife. There was evidence tending to show that defendant, after notice of plaintiff's claim, exercised dominion over the property in question. She forbade the plaintiff taking any of it away. The court in its charge seems to have assumed that there was no question about a demand, and there was no request to charge on the subject. If the plaintiff at the time of the conversion was the owner of the property, he had a right to recover the full value. I fail to find any good reason to disturb the verdict upon the facts, or any reversible error of law on the part of the court.

Judgment and order affirmed, with costs. All concur.