·ant that the quoted description of the course is defective, because the blank space after the word "westerly" was not filled out. It is not stated by defendant in his answer what word ·or words ought to have been inserted in this blank space. It·is not seen how the defendant could have given the word or words that ought to have been inserted in the blank space. It is not believed that any word or words were intentionally, or otherwise omitted from this blank space. With words or figures omitted from the blank space, the description of the course is complete, definite, and certain. The blank space is of no importance. Omitting it entirely, treating it as it is, a mere space between the words "westerly" and "with," the course is westerly with the northerly line of North Division street 29 feet 9 inches. The fact is that the course is on the .westerly line of North Division street. If word "with" is interpreted as "on," the description is perfect. To go west with the westerly line of North Division street from a point on the northerly line is to go.west on the line. North Division street runs east and west. There can be .no mistake in identifying the premises by following the course with the westerly line of North Division street. If the surveyor starts on the line of North Division, and goes west with the line, it is not seen how he possibly could get off the line; if he starts on the line, and goes west with the line, he must necessarily at all times be technically on the line.

The title tendered is not defective by reason of either of the alleged errors or defects pointed out. Brookman v. Kurzman, 94 N. Y. 272.

Judgment of specific performance is awarded plaintiff. Let findings be prepared.

---

TROY AUTOMOBILE EXCHANGE v. HOME INS. CO.   (No. 243/79.)

(Supreme Court, Appellate Division, Third Department.   November 11, 1914.)

1. APPEAL AND ERROR (§ 1170*)—REVERSAL—TECHNICAL ERRORS—AMENDABLE DEFECTS.

  Where, in an action on a policy insuring plaintiff against the theft of an automobile, the complaint alleged that on August 18, 1913, defendant delivered such policy and an annexed certificate insuring plaintiff from September 30, 1913, to October 30, 1913, and that the automobile was stolen on August 29, 1913, defendant admitted the allegations as to the policy, but denied the theft, which was the only question litigated upon the trial or submitted to the jury, and in its motions to dismiss the complaint and for a nonsuit pointed out no particular defect in the complaint, and at no time until in its reply brief on appeal called attention to the fact that the complaint apparently alleged that the theft occurred . before the insurance became effective, a judgment for plaintiff would be affirmed, notwithstanding the technical defect in the complaint, under Code Civ. Proc. § 1317, requiring appellate courts to give judgment without regard to technical errors or defects, or to exceptions not affecting the substantial rights of the parties, as a mere suggestion of the defect on the trial would have ended the case, or have led to an amendment correcting the defect.

  · [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. § 1170.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 241\*)—RESERVATION OF GROUNDS OF REVIEW—MOTION FOR NONSUIT.

A general motion for a nonsuit on the ground that plaintiff has not proved a cause of action is without force on appeal, unless some particular defect is pointed out, or unless the defect actually existing is such that the omission could not have been supplied, if attention had been called thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1413–1416; Dec. Dig. § 241.\*]

Appeal from Trial Term, Rensselaer County.

Action by the Troy Automobile Exchange against the Home Insurance Company. From a judgment in favor of plaintiff, entered upon the verdict of a jury, and from an order denying defendant's motion for a new trial upon the minutes, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Shaw, Bailey & Murphy, of Troy (Edward Murphy, of counsel), for appellant.

John F. & William H. Murray, of Troy, for respondent.

JOHN M. KELLOGG, J. The action was brought to recover upon a policy of insurance on the ground that the plaintiff's machine was stolen, and while illegally used by the person taking it was destroyed. The car had been taken to a paint shop for painting, and while there the brother of the painter asked defendant for permission to use the car, which was declined. Nevertheless the brother and others used the car, and it was destroyed by accident while they were so using it. The question litigated was, in substance, whether the painter stole the car, or whether it was the act of the brother. The policy insured against theft by any person other than those in the employment, service, or household of the insured. The question was closely tried; and was submitted to the jury, and the jury found in favor of the plaintiff. The verdict is satisfactory upon the evidence.

[1] The appellant, upon the argument here, seeks to introduce another element into the case, which at the trial was overlooked by all, or, if known to the appellant, was carefully suppressed by it. The policy is an open policy, and provides that it shall be in such sum and for such periods of time as may be shown in the certificate issued in connection with it. The complaint alleges, among other things, that on the 18th day of August, 1913, for a good and valuable consideration paid, the defendant made and delivered to the plaintiff its policy of insurance, and also its certificate annexed to the policy, "wherein and whereby the said defendant did insure this plaintiff to the amount of \$1.000 from the 30th day of September, 1913, to the 30th day of October, 1913," upon the automobile, and that upon the 29th day of August, 1913, the car was stolen. Manifestly the complaint, read literally, does not allege a cause of action. While the fire took place after the issuing of the policy, it appears that the insurance was not effective until after the fire. If, however, a demurrer had been taken

to the complaint, or the defect therein pointed out upon the trial, the plaintiff might have amended by correcting the dates, if error existed with reference to them. If such amendment were not made, judgment would have passed as a matter of course against the plaintiff for a moderate amount of costs, and the expense of the trial and this appeal would have been avoided.

The defendant demanded a bill of particulars, with 11 specifications, 8 of which were material only on the question whether the car was stolen by the painter or his brother. A bill of particulars was given, with details as to each requirement.

The defendant interposed an answer expressly admitting the allegations of the complaint as to the policy, denying that the automobile was stolen or was taken without the plaintiff's consent, or that it was damaged while being driven without plaintiff's consent, also denying that it was damaged while used without the plaintiff's consent, and setting up that upon a preliminary examination before a magistrate, charging the theft of the automobile, the magistrate determined that no crime had been committed.

At the beginning of the trial the plaintiff moved to dismiss the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, without referring to any particular defect in the complaint, which motion was denied. Plaintiff offered in evidence the policy. The defendant objected that there is no issue in reference to the issue of the policy, as every allegation in the complaint with reference to it is admitted, and that it would be prejudicial to have it in evidence, so long as there is no issue about it. The court, however, received it. The defendant then asked the court to rule that the introduction of the policy should not in any way vary or change the issues that are presented by the pleadings as they exist. The court granted the request.

The proofs of loss were offered in evidence. Among other things, they stated that the automobile, while insured by the defendant under its policy, was stolen from the possession of the painter who was painting it. The defendant admitted the fact that the proofs were served and that the company refused to pay, and continued:

"And there being no question raised with reference to it, I object to the paper being admitted in evidence, on the ground before stated."

They were received in evidence. The plaintiff then proved the facts and circumstances with reference to the alleged larceny of the machine, and the witnesses were closely cross-examined on the subject. The defendant moved for a nonsuit at the close of the plaintiff's case, on the ground that the pretended cause of action alleged in the complaint has not been established, and upon the ground that no cause of action has been established. The motion was denied.

The defendant then offered in evidence the proceedings before the magistrate upon a criminal complaint that the car had been stolen. Defendant then called three witnesses, and recalled one of the plaintiff's witnesses, and examined them at length concerning the alleged larceny of the car. At the close of the testimony the defendant moved

to strike from the evidence the proofs of loss. The motion was de-
nied. We quote from the record: ·

"Mr. Bailey: I ask that the proofs of loss be limited, so as not to be taken
to in any way change the issues presented by the pleadings in this action.

"The Court: I do not know what you mean by that, and therefore it is
difficult for me to rule upon it. What is in the proofs of loss that could
change it.

"Mr. Bailey: I am not familiar with it, but I want a ruling to the effect
asked. I cannot point out the particular defense, as I am not familiar with
the paper.

"The Court: I will give you the ruling for whatever it means; I don't
know what it means. (Plaintiff excepted.)

"Mr. Bailey: I move for a nonsuit upon the ground that the pretended
cause of action set up in the complaint has not been proved, and upon the
ground that no cause of action has been proven as against the defendant un-
der the terms of the policy set out in the complaint. (Motion denied, defend-
ant excepted.)

"Mr. Bailey: I ask the court to grant a nonsuit upon the further ground
that there is no question of fact here to submit to the jury. It appears ex-
actly what took place, and as a matter of fact the undisputed evidence as to
what took place shows that this car was not stolen, even by Howe, to whose
acts the plaintiff is limited in the action. (Motion denied, defendant ex-
cepted.)"

Counsel for the plaintiff and defendant then addressed the jury. In
its charge the court stated:

"Gentlemen of the jury: There are two or three phases of this case con-
cerning which you need give yourself no concern. The defendant insured the
plaintiff. The plaintiff owned the car. The car was damaged. The dam-
age was $1,000. If the plaintiff is entitled to recover, he is entitled to recover
$1,000. If he does not recover $1,000, he is not entitled to recover anything.
It is either one thing or the other. If the policy is good, it is good for $1,000.
The policy in its form is correct. The policy is good, provided the contingency
happened as against which the policy was issued. That contingency is stated
in a very few words, and that is all there is of this case so far as you are
concerned, viz.: Whether the loss or damage to that car was occasioned by
theft by any person other than one in the employ of the plaintiff. Did any
one who was not in the employ of the plaintiff steal that car? Did any one
commit a theft? If any one not in the employ of the plaintiff committed the
theft, stole that car, then the defendant is liable. Therefore you will have to
address yourselves to the question entirely as to whether there was a theft.
When you have decided that, you have decided the case."

To this part of the charge the defendant's counsel, who was present,
took no exception. He, however, made special requests to charge,
and took several exceptions to the charge as bearing upon the issue
of whether the car was stolen; it apparently being assumed by coun-
sel upon both sides that that was the only question.

Upon this appeal the defendant raises as a first point that the mo-
tions for a dismissal of the complaint should have been granted, but
without any suggestion that the policy was not in force at the time of
the loss, or that the complaint was deficient in that respect. The other
points raised by him relate entirely to the stealing of the car, and to
the effect of the examination before the magistrate on the criminal
examination. In closing his brief, in general terms, he claims that no
cause of action was alleged or proved, but without specifying any fail-
ure in that respect. The respondent served his brief, to which the ap-
pellant served a reply, in which reply he foreshadows for the first

time that the loss as alleged in the complaint took place at a time when the policy was not in force, and for that defect and failure of proof in that respect the plaintiff could not recover.

[2] A general motion for a nonsuit, that a plaintiff has not proved a cause of action, is without force on an appeal, unless some particular defect is pointed out, or unless the defect actually existing is such that the omission could not have been supplied, if attention had been called to it. An action upon a promissory note may be sharply litigated as to whether the indorser ever signed the note, and whether the note had any validity, that being the only issue tried. It is too late for the defendant upon appeal to raise the question that there was a failure of proof of protest of the note, and that the question was raised by his motion for a nonsuit in alleging that the plaintiff had not proved a cause of action. In an action for conversion, where a sharp issue is tried upon other questions, and there is an absence of proof of a demand, the plaintiff upon appeal is not in a position to claim a reversal because no demand was shown, and that the question was raised by his motion for a nonsuit on the ground that the plaintiff had not proved a cause of action. These defects, if raised upon the trial, could have been remedied, and the defendant by not raising them is held to have waived them. Bromley v. Miles, 51 App. Div. 95, 96, 64 N. Y. Supp. 353.

In this case it cannot be contended that the court would have held for a moment that the insurance company was liable to pay for a loss occurring August 13th, when its policy did not insure the property until after September 30th. If this question can now be urged as ground for reversal, the trial was a farce, and the court and the opposing counsel were imposed upon. A mere suggestion of the defect would have ended the case, or would have led to an amendment by supplying the correct dates. The defendant retained the proofs of loss, which alleged that the property was insured at the time of the fire. The court in substance stated that the policy covered the loss, if the loss occurred by theft, and there was but one question in the case, and by silence the defendant consented that such was the fact. When the defendant made its motion to limit the effect of the proofs of loss, the court stated that it did not understand what the defendant meant, and the defendant gave no information as to his meaning. From the conduct of the trial it must be assumed that a clerical error was made in the complaint with respect to the time when the policy became in force, or that after the fire the open policy by a certificate was made to cover another machine, and the plaintiff's counsel had overlooked that fact. There was no reason why the point should have been kept in the background, if the defendant did not know that it could be cured by amendment. The case shows a deliberate intent to keep from the counsel of the plaintiff and the court the technical point, and to use it on appeal if the defendant was defeated upon the merits.

The object of a trial in court is to enable the court and the jury to ascertain the facts and to decide the rights of the respective parties on the matters actually litigated. A party who is defeated upon a trial cannot upon appeal obtain a reversal upon a point which was not

raised, or, if raised, was presented in such a way that no one but himself understood it. Counsel must act with the utmost good faith towards the court, and must present the questions he relies upon, and not in a studied way conceal them. We conclude that the only question in the case is whether the car was stolen. No other question was litigated. The attention of the court was called to no other question, and the court expressly stated to the jury that that was the only question, and the defendant by its silence assented to it. Upon a trial the parties may deliberately go outside of the pleadings and try a question not raised thereby, and may disregard questions raised by the pleadings. Upon appeal from a judgment resulting from such trial, the court will only review the questions litigated below, and will consider that questions not litigated or passed upon at the trial were waived in cases where the defects might have been corrected by amendment or proof. The appeal is to review the course and conduct of the trial, and brings up for review only questions decided in the trial court. If a party conceals from the court a question, or permits the trial to proceed upon the theory that the question is not in the case, he is not in a position to ask a reversal of a judgment which is just and fair, considering the course and manner of the trial. We quote from Schoeplin v. Coffey, 162 N. Y. 12, 16, 56 N. E. 502, 503:

"We have, however, searched the record in vain to find any proper objection or exception which enables the defendant upon this appeal to avail himself of the insufficiency of the complaint. To raise that question it was necessary that an objection to its sufficiency should have been taken, and the ground upon which it was claimed to be insufficient should have been brought to the attention of the court. It is not a fatal objection on appeal that the cause was tried outside the pleadings, in the absence of some specific objection to that course. Parties may, if they so elect, depart from the issues made by the pleadings, and try other questions relating to the merits of the controversy by consent or acquiescence. Farmers' L. & T. Co. v. Housatonic R. R. Co., 152 N. Y. 251 [46 N. E. 504]. As the question of the sufficiency of the complaint was not properly raised in the court below, it cannot be raised here for the first time."

The appellate court is required by section 1317 of the Code of Civil Procedure to give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. The question now raised is purely technical, so far as it affects the question actually litigated and determined upon the trial. The determination made by the court and jury upon the questions actually litigated presents no ground for reversal.

The judgment and order should therefore be affirmed, with costs. All concur.