TROY AUTOMOBILE EXCHANGE, Respondent, *v.* THE HOME INSURANCE COMPANY, Appellant.

**Motion to dismiss complaint for failure to state a cause of action — when sufficiently definite, without pointing out the particular defect relied on.**

1. Where in an action to recover upon a policy of insurance on an automobile upon the ground that it was stolen, and while being illegally used by the person taking it was destroyed, it appeared both from the complaint and the evidence that the alleged loss occurred before the policy became effective, and hence that the complaint failed to state a cause of action and the proof followed the pleading, the objection was not waived by failure to raise it more definitely than by a general motion to dismiss on the ground that the complaint does not state and the evidence does not establish a cause of action. The motion to dismiss the complaint upon the ground that it failed to state a cause of action was not based upon a mere technicality, but addressed itself to the merits.

2. Defendant's motion to dismiss, although general in form, not pointing out the particular defect, was proper. It was not like a general objection to evidence or a general motion for a nonsuit behind which something correctible may be hidden.

*Troy Automobile Exchange* v. *Home Ins. Co.*, 164 App. Div. 761, reversed.

(Argued May 15, 1917; decided May 22, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 12, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. D. Bailey* for appellant. The complaint sets up no cause of action. This question was properly raised in the trial court. (*Wormser* v. *Gen. Ac. Assur. Corp.*, 94 App. Div. 213; *Gerding* v. *Haskin*, 141 N. Y. 514; *Pagnillo* v.

*Mack P. & C. Co.*, 142 App. Div. 491; *Weeks* v. *O'Brien*, 141 N. Y. 199; *Wood & Sellick* v. *Ball*, 190 N. Y. 217; *Sanders* v. *Saxton*, 182 N. Y. 477; *Jones* v. *Reilly*, 174 N. Y. 97; *Tooker* v. *Arnoux*, 76 N. Y. 397; *Scofield* v. *Whitelegge*, 49 N. Y. 259; *Coffin* v. *Reynolds*, 37 N. Y. 640; *Emery* v. *Pease*, 20 N. Y. 62.) The nonsuit should have been granted. (*People* v. *Van Rensselaer*, 9 N. Y. 291; *Paige* v. *Willet*, 38 N. Y. 28; *Shotwell* v. *Dixon*, 163 N. Y. 43; *Storck* v. *M. E. R. Co.*, 131 N. Y. 514; *F. L. & T. Co.* v. *Siefke*, 144 N. Y. 354; *Heinemann* v. *Heard*, 62 N. Y. 448; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *P. S. Com.*, 159 App. Div. 546; *Argall* v. *Pitts*, 78 N. Y. 239.)

*William H. Murray* for respondent. The object of a trial in court is to enable the court and the jury to ascertain the facts and to decide rights of the respective parties on the matters actually litigated. The defendant did not point out to the trial justice any defect in the complaint. The defendant went to trial on the merits. (*Sterrett* v. *Third Nat. Bank*, 122 N. Y. 659; *Holmes* v. *Moffat*, 120 N. Y. 162; *Render* v. *Lillard*, 160 Pac. Rep. 705; *Eppley* v. *Kennedy*, 198 N. Y. 348; *St. John* v. *Northrup*, 23 Barb. 25; *Fountain* v. *Pettee*, 38 N. Y. 184; *Brozek* v. *Steinway Ry. Co.*, 161 N. Y. 65; *McGinley* v. *U. S. Ins. Co.*, 77 N. Y. 495; *Gerding* v. *Haskin*, 141 N. Y. 520; *Binsse* v. *Wood*, 37 N. Y. 526.) No question having been raised by defendant as to the dates of the policy or any other feature in reference thereto, the proof and testimony presented by plaintiff as to the taking and theft of the automobile was sufficient to require the trial court to present same to the jury. The motion for nonsuit was properly denied. (*Person* v. *Stoll*, 72 App. Div. 141; 174 N. Y. 548; *Kraus* v. *Birnbaum*, 200 N. Y. 130; *Matter of Clark*, 168 N. Y. 427; *Megowan* v. *Peterson*, 173 N. Y. 1; *Flandrow* v. *Hammond*, 148 N. Y. 129.)

POUND, J. The action was brought to recover upon a policy of insurance on the ground that the plaintiff's automobile was stolen, and while being illegally used by the person taking it was destroyed. The complaint alleges, among other things, that on the 18th day of August, 1913, for a good and valuable consideration paid, the defendant made and delivered to the plaintiff its policy of insurance and also its certificate annexed to the policy, " wherein and whereby the said defendant did insure this plaintiff to the amount of $1,000 from *the 30th day of September*, 1913, to the 30th day of October, 1913," and that upon *the 29th day of August*, 1913, the automobile was stolen. It thus appears that the insurance was not effective until after the loss and that the complaint does not state a cause of action. This objection may be raised by demurrer without pointing out the particular defect relied upon (Code Civ. Pro. § 490), but the objection was not waived by failure to raise it by demurrer. (§ 499.) It was raised by motion at the opening of the trial, but without pointing out the defect. It has been held that it is not too late to raise the question for the first time at the close of the trial. (*Weeks* v. *O'Brien*, 141 N. Y. 199, 204.) The ruling of the trial court denying defendant's motion to dismiss the complaint survives unanimous affirmance and is open to review in this court. (*Kelly* v. *Security Mut. Life Ins. Co.*, 186 N. Y. 16.) The Appellate Division has held that the objection was in such general form that the defendant may not now avail itself of the insufficiency of the complaint.

If this were a matter of variance between the pleading and proof; a failure to allege correctly the terms of the policy introduced in evidence; a mere technicality, the error would be disregarded if it appeared that the substantial rights of the adverse party were not affected thereby. (Code Civ. Pro. § 1317.) " The allegations of a pleading must be liberally construed, with a view to substantial justice between the parties." (Code Civ. Pro.

§ 519.) But the record is destitute of the suggestion that the loss occurred while any policy was in force. The policy is in evidence. The date of the loss is not in dispute. The proofs follow literally the allegations of the complaint. No other policy was produced on the trial, in the Appellate Division or in this court. We must not guess that a policy covering the date of loss is in existence in order to affirm this judgment. The motion to dismiss addresses itself to the merits. No amendment has been asked for. The correctness of the ruling must be tested by the complaint as it stands, not as it might be changed by amendment. If we affirm this judgment we will hold that the defendant is liable for a loss which did not occur during the life of the policy. The defendant may have been disingenuous but the plaintiff has been careless and the plaintiff must make out its case. Procedure is still a matter of rules. Courts, applying such rules with the utmost liberality, must not assume that which does not appear. Substantial justice regards both parties equally. The defect is so manifest that he who runs may read. Defendant's motion is not like a general objection to evidence or a general motion for a nonsuit where something correctible may be hidden behind generalities. (*Haines* v. *N. Y. C. & H. R. R. R. Co.*, 145 N. Y. 235, 238.) It cannot be said that defendant concealed anything. To conceal here means more than failure to reveal. It means purposely to keep from sight. Plaintiff has had ample time to recover from its surprise to the extent of showing that the defect was amendable. When the question was raised neither court nor counsel sought an explanation. The entire responsibility for failure to discover the defect in the complaint does not rest on the defendant. If we could say that if the defect had been pointed out it could have been supplied, then we might say that good faith and fair practice required the defendant to point it out, but how can we say that?

In *Schoepflin* v. *Coffey* (162 N. Y. 12), on which plain-

tiff relies, it was held that the question whether a cause of action for libel was stated could not be raised for the first time in this court.

No substantial errors were committed in receiving or excluding evidence nor in the charge, but on the complaint the judgment cannot be sustained. Yet the complaint should not be dismissed at this time on what may prove to be a technicality when the facts are shown.

The judgment should be reversed, and a new trial granted, with costs to abide the event, so that plaintiff may make a motion to amend its complaint if so advised, upon such terms as the Special Term may direct.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.