Troy Automobile Exchange, Plaintiff, *v.* Home Insurance Company, Defendant.

(Supreme Court, Albany Special Term, January, 1918.)

Pleading — allegations contained in complaint — demurrer — actions — insurance (automobile) — appeal — automobiles — amendment — answer — counterclaim.

An open policy issued by defendant insuring plaintiff's automobile against loss or damage in a certain amount on any single occasion by theft, etc., by any person or persons other than those in the employment, service or household of the insured, was delivered in blank without describing the automobile or stating the amount of insurance, rate, premium or duration, except that it was to be from one certain date to another,

but the policy did provide that the insurance was to be in such sums and for such periods of time as might be shown by the certificate issued in connection with the policy. There were delivered with the policy two certificates or binding slips, duly countersigned, stating the same rate, premium and amount and duration of insurance, one to run from August 30, 1913, to September 30, 1913, the other from September 30, 1913, to October 30, 1913. The only question litigated upon the trial of an action based upon the second certificate was whether the automobile was stolen, though defendant made a motion to dismiss the complaint on the ground that it did not state a cause of action. This motion was denied and, upon an appeal from the judgment entered in favor of plaintiff on a verdict, the real ground of the motion to dismiss the complaint was stated. The Court of Appeals reversed the unanimous affirmance of the judgment on the ground that the alleged theft did not take place during the life of the certificate as alleged in the complaint and granted a new trial with leave to amend the complaint. The Special Term allowed the amendment upon the theory that as it alleged a cause of action upon the same policy of insurance, based upon the first certificate continuing the insurance in force at the time of the alleged theft, it did not bring in a new cause of action. *Held,* that the error, if any, in allowing the amendment on that theory might be corrected only on appeal from the order granting the amendment and not on the hearing of a demurrer to separate defenses pleaded in the amended answer.

That the amended complaint stated a good cause of action.

The allegations of facts set forth in the separate defenses considered, and *held,* that for the purposes of the demurrer they were not insufficient in law and the demurrer should be overruled.

DEMURRER to separate defenses alleged in amended answer.

John F. and William H. Murray, for plaintiff.

Shaw, Bailey & Murphy, for defendant.

CHESTER, J. The plaintiff demurs to three separate defenses alleged in the amended answer on the ground

that they are insufficient in law upon the face thereof and also to what the plaintiff terms a counterclaim in such answer on the ground that it does not state facts sufficient to constitute a cause of action. The so-called counterclaim is included in one of the alleged defenses above mentioned. The defendant on the argument challenges the amended complaint as insufficient.

The action has been once tried and resulted in a verdict for the plaintiff. The judgment entered upon the verdict was affirmed in the Appellate Division. 164 App. Div. 761. The case was taken to the Court of Appeals where the judgment of the Appellate Division was reversed and a new trial granted with permission to the plaintiff to apply to the Special Term for leave to amend the complaint. 221 N. Y. 58.

The action is brought on what is known as an open automobile policy issued by the defendant to the plaintiff. It appears that the policy was delivered in blank without describing the automobile or stating the amount of insurance, the rate, the premium or the duration, except that it was to be " from the . . . . . . . day of . . . . . . . . . . . . 19. . ., at noon (standard time) to the. . . . . . . . day of . . . . . . . . . . 19. . ., at noon (standard time)." It contained provisions, however, that the insurance was to be " in such sums and for such periods of time as may be shown in the Certificate issued in connection herewith signed by the duly authorized agent of the Company," and also that the insurance was " against loss or damage if amounting to twenty-five ($25.) dollars or more on any single occasion by theft, robbery or pilferage by any person or persons other than those in the employment, service or household of the insured." It appears that under this policy two certificates or binding slips were delivered by the defendant to the plaintiff, one No.

10 which stated the rate, the premium, a description of the automobile in question and the amount and duration of insurance to be $1,000 " from the 30th day of August, 1913 to the 30th day of September, 1913." This certificate was countersigned by the agent of the defendant on August 30, 1913. The other certificate, No. 31, was issued under the same policy stating the same rate and premium and amount of insurance, and that it was to run " from the 30th day of September, 1913 to the 30th day of October, 1913." This certificate was countersigned by the agent of the defendant on the 30th day of September, 1913.

The cause of action alleged in the original complaint was based on the open policy and certificate No. 31 and it was there alleged that the automobile was stolen on the 29th day of August, 1913, and was damaged to the extent of $1,000 and by a person or persons other than those in the employment, service or household of the insured. The only question litigated on the trial was as to whether the automobile was stolen or not, although the defendant made a motion to dismiss the complaint on the ground that it did not state a cause of action. The real ground underlying the motion was not stated to the court. When the case reached the Appellate Division, the real ground was stated, but that court unanimously affirmed the judgment, which was reversed as above stated in the Court of Appeals on the ground that the alleged theft did not take place during the lifetime of the certificate mentioned in the complaint and therefore no cause of action was stated. The plaintiff thereafter applied to the Special Term pursuant to the leave granted by the Court of Appeals to amend and such leave was granted. The amended complaint has been served and the demurrer here is to some portions of the amended

answer as above stated. In the amended complaint the cause of action is alleged under the *same* open policy of insurance as in the original complaint, but under certificate No. 10 instead of No. 31 and upon the allegation that the automobile was stolen on the 30th day of August, 1913, after noon. It is claimed by the plaintiff that by inadvertence it had mentioned the wrong certificate in the original complaint and had inadvertently stated in its proofs of loss which were filed with the defendant within the time required by the policy that the stealing was on the twenty-ninth day of August, instead of on the thirtieth. The amended complaint alleges that at the time the plaintiff's automobile was stolen the defendant's policy of insurance was in full force and effect under certificate No. 10. The court at Special Term allowed the amendment on the theory that it was not bringing in a new cause of action, as it alleged a cause of action under the *same policy of insurance* notwithstanding it mentioned a different and subsequent certificate continuing the insurance in force at the time of the alleged theft. If the court was in error in allowing the amendment on that theory, the way to correct the error is on an appeal from the order allowing the amendment. It cannot be corrected by the determination of this demurrer.

The defendant, however, insists that the insurance kept in force by certificate No. 10 runs *from* August 30 to September 30, 1913, and therefore admitting the date of the theft to be August thirtieth, it is not included within the terms of the contract, because the word *from* would not include August thirtieth, or any part thereof, but would begin the next day, but the certificate must be construed in the light of the policy under which it was issued and, reading both together as we must, it is clear that the insurance was from

*noon* of the thirtieth of August to *noon* of the thirtieth of September.

The defendant also urges that the amendment brings in a cause of action which was barred by the Statute of Limitations under a condition in the contract of insurance which provides that no action under the policy could be sustained unless commenced within twelve months next after the happening of the loss which time had elapsed before the amendment was allowed, but this claim is also based upon the erroneous idea, as I think, that the amendment allowed bringing in a *new* cause of action instead of perfecting the cause of action stated in the original complaint, so that also goes back to the question as to whether or not the amendment was properly allowed, which question cannot be determined at this time. I think therefore that the amended complaint which is questioned here states a good cause of action.

The amended answer first admits several allegations of the amended complaint and then contains a general denial of every allegation not admitted. Then also follows a specific denial in great detail of every allegation not admitted. Following this come the three alleged defenses which are demurred to: *First.* Facts are alleged which are intended to support the conclusion that the automobile in question never left the possession of an employee of the plaintiff and that certificate No. 10 did not cover it as an insurance contract under the circumstances alleged. *Second.* Facts under which it is claimed that the plaintiff had, in violation of a provision of the policy, attempted to defraud the defendant, by reason of which the policy was void and that the defendant had thereby been put to the expenses incurred in the suit amounting to $893, and *third,* alleging failure to seasonably serve proofs

of loss under the contract of insurance evidenced by certificate No. 10 in violation of such contract.

The plaintiff relies in support of its demurrer to the alleged defenses in the amended answer upon several cases decided by the late Justice Gaynor in which he held in substance that a " defense " can consist only of new matter, that is matter which cannot be proved under a general denial (*Schultz* v. *Greenwood Cemetery,* 46 Misc. Rep. 299, and cases cited at p. 301), and that here all these defenses are provable under the general denial. Perhaps that theory is in harmony with scientific pleading, but, unfortunately for the plaintiff's contention, it has not met the approval of the Court of Appeals. In *Staten Island M. R. R. Co.* v. *Hinchliffe,* 170 N. Y. 473, 481, it was said by Werner, J., in writing the opinion of the court, in reference to defense of like character: " It is probably a defense that could be proved under the general denial, but this does not render the specific allegations demurrable. There are defenses which may be stricken out on motion but cannot be reached by demurrer. Section 500 of the Code of Civil Procedure provides: ' The answer of the defendant must contain: 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. 2. A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition.' It may be conceded that this defense is not new matter as it is not in avoidance or confession of the matters set forth in the complaint. But it is none the less a defense, because it is what is termed in pleading, a denial. (Bouvier's Law Dictionary; Anderson's Law Dictionary; Moak's Van Santvoord's Pleadings, p. 509.) If authority for such a plain proposition is

Supreme Court, January, 1918.          [Vol. 102.

needed we have it in the case of *Benedict* v. *Seymour* (6 How. Pr. 298, 304). That was one of the early decisions explaining the nature of pleadings under the Code, and in that case Judge Selden said: ' Defences, then, are divisible into two classes: 1. Those which deny some material allegation on the part of the plaintiff. 2. Those which confess and avoid those allegations.' It was also decided in that case that demurrer was not the proper method of getting rid of such defenses, for the ' plain reason ' that a demurrer admitted the truth of the plea; and the facts contained in such a plea, if proved or admitted, must necessarily constitute a good defense. (Id. p. 308.) "

Taking the facts stated in these three " defenses " as admitted, for the purposes of the demurrer, it cannot be said that they are insufficient in law upon the face thereof. It may be that some parts of these voluminous defenses might properly be stricken out on motion but a demurrer runs to the whole defense and not to a part thereof. *Kager* v. *Brenneman*, 33 App. Div. 452. If it is good in part therefore the demurrer cannot be sustained.

The demurrer to the so-called counterclaim needs but little consideration. It is pleaded as a part of a defense. It is not in the pleading termed a counterclaim nor is there any affirmative relief claimed against the plaintiff on account thereof. Under such circumstances its sufficiency as a " cause of action " need not be tested.

The demurrer should be overruled, with ten dollars costs to the defendant to abide the event of the trial of the issue of fact.

Demurrer overruled.