**WITTENBERG, Appellant, v. TRAUTMAN**

---

(March 15, 1926. Opinion and Decree)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Brokers—Par. 3, 4.**

A real estate agent who fails to procure a purchaser for property entrusted to her for sale before 7 p. m. of the last day allowed her for that purpose in the contract of mandate cannot claim her commission because of her failure to perform her obligation under the contract before sunset of the last day.

2. **Louisiana Digest—Evidence—Par. 3, 8.**

Courts will take judicial cognizance of the fact that the sun sets before 7 p. m. on the last day of the year.

Appeal from Civil District Court, Division "F". Hon. Percy Saint, Judge.

Action by Mrs. James Wittenberg against Joseph Trautman for a commission. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

W. Winans Wall and Johnston Armstrong, of New Orleans, attorneys for plaintiff, appellant.

H. S. Weil, Lazarus and Lazarus, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff appeals from a judgment dismissing her demand for $900.00 as commission, alleged to be due her as a real estate agent.

The facts are not disputed and are substantially as stated by counsel for appellee in their brief.

On January 24, 1919, Mr. Trautman, defendant herein signed on a printed form an authorization to Mrs. Wittenberg, the plaintiff, to sell his residence, No. 6126 St. Charles avenue, for $30,000.00, agreeing to pay a commission of 3 per cent on the purchase price, stipulating that a deposit of 10 per cent to bind the sale would be required, and authorizing the broker to collect the same. After this authorization was signed, Mrs. Wittenberg brought to Mr. Trautman several offers of amounts considerably less than had been named in the authorization. After waiting almost nine

months for the broker to find a purchaser for his house, the defendant, on October 21, 1919, wrote the plaintiff that he desired to withdraw the house from sale. Thereupon, Mr. Trautman was promptly informed by Mrs. Wittenberg that he could not cancel her authorization without giving "sixty days' written notice". Yielding to this interpretation of the instrument, Mr. Trautman gave written notice, on November 1, 1919, that he desired to withdraw the house from sale, and immediately thereafter, on November 3, 1919, wrote to plaintiff further as follows:

"In connection with my letter to you dated November 1st, this is to notify you that I have raised the price of my property 6126 St. Charles avenue."

Nothing further was heard by Mr. Trautman from the plaintiff until 7 o'clock on the night of December 31, 1919, when Mrs. Wittenberg presented to the defendant at his home what purported to be a written offer signed by one J. Klein to purchase the defendant's house for $30,000.00 cash. Defendant promptly informed the plaintiff that she had no right to sell the property, and refused to discuss the matter with her further, stating at the moment that there was sickness in his family and he did not care to be disturbed.

Thereafter this suit was brought for $900.00, representing the commission of 3 per cent on the alleged purchase price of $30,000.00.

A number of defenses were pleaded and pressed in argument. We shall notice only one, the contention that plaintiff failed to perform her part of the contract within the term as fixed by the expiration of the sixty days' written notice of withdrawal given under the terms of the contract by defendant by his letter of November 1, 1919.

There is no dispute that the last day upon which plaintiff could perform her obligation was December 31, 1919. Assuming that the offer to purchase the property signed by Klein was bona fide and that defendant could not raise the selling price of his property during the life of his contract with plaintiff so as to prejudice her right to a commission should she obtain a purchaser willing and able to pay $30,000.00 the maximum amount mentioned in the contract, all as plaintiff contends— she did not obtain the offer of Klein and communicate it to defendant until 7 p. m. of December 31, 1919.

Art. 2057 R. C. C., provides that:

"Where a term is given for the performance of an obligation, the obligor has until sunset of the last day limited for its performance, to comply with his obligations, unless the object of the contract cannot be done after certain hours of that day."

There is no proof in the record as to the time of sunset on December 31, 1919, but counsel says, and we think properly, that we may take judicial notice that on the last day of the year the sun sets some little time before 7 p. m. citing the following from Jones on Evidence, Vol. 1, p. 627:

"So the courts take judicial notice * * * of the time when the sun and moon rise and set on a given day * * *."

People vs. Chee Kee, 61 Cal. 404.

Case vs. Perew, 46 Hun. (N. Y.) 57.

Dayton Co. vs. Marshall, 75 N. E. 824.

Cincinnati, etc., R. R. vs. Worthington, 66 N. E. 478, 96 Am. St. Rep. 355.

Counsel for plaintiff frankly admits his inability to escape the effect of Art. 2057 R. C. C. and sensing an unfavorable decree at our hands requests that the case be decided upon this ground instead of for the reasons advanced by the trial judge.

We are pleased to be able to grant to counsel so small a boon.

For the reasons assigned the judgment appealed from is affirmed.