SAMUEL, Judge.
Hospital Service District No. 1 of the Parish of Plaquemines, State of Louisiana, and certain insurance companies, the latter allegedly subrogated to the rights of the former as a result of payments made under policies issued by them, filed this suit against Pittman Construction Company, Inc., a building contractor, other defendants and certain alleged insurers of the defendants.
The petition alleges that the Hospital Service District entered into- a contract with Pittman for the construction of a *926 fifty bed hospital at Port Sulphur, Louisiana, and that, on September 12, 1959, when the construction of the hospital was almost complete and ready for occupancy, a violent explosion caused serious and extensive damage to the building, its equipment, furnishings, fixtures, and other contents. The petition prays for judgment in the total amount of approximately $800,000.00 against all defendants, including Pittman and its two liability insurers, the Travelers Insurance Company and Bankers Fire & Marine Insurance Company. The petition did not make or name -as a defendant Agricultural Insurance Company, the present appellee.
Pittman answered and filed a third-party petition. In its capacity as third-party plaintiff Pittman named Agricultural Insurance Company and others as third-party defendants, seeking to recover from Agricultural and from its two liability insurers the amount of statutory penalties, attornejr’s fees, expert’s fees, and all other costs to which Pittman had been and will be put in the investigation and defense of the claims asserted against it because of the failure and refusal of those insurers to defend for Pittman’s account. Alternatively, in the event of judgment against Pittman, the third-party petition also seeks judgment in his favor and against all third-party defendants in the amount of any such judgment.
The third-party petition alleges that Pittman and the Hospital Service District were the named insured in a policy commonly known as “Builders’ Risk”, written by Agricultural, under the terms of which it insured the hospital against the perils of fire, explosion, extended coverage and wind storm, and that, if it be found that the hospital was not completed when the explosion occurred, Agricultural is liable under that policy.
The policy is in the record. It is a policy of fire insurance with an extended coverage endorsement, known as “Builders’ Risk”, which covers explosion and other perils, for a term of one year beginning April 1, 1958 and ending April 1, 1959. The insuring agreement of the policy reads:
“IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO AND OF the premium above specified, this Company, for the term of years specified above from inception date shown above At Noon (Standard Time) to expiration date shown above At Noon (Standard Time) at location of property involved, to- an amount not exceeding the amount (s) above specified, does insure the insured named above and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured, against all DIRECT LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY EXCEPT AS HEREINAFTER PROVIDED, to the property described herein while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere.”
Agricultural Insurance Company filed exceptions of no right and no cause of action. The trial court judgment maintained the exceptions and dismissed Pittman’s third-party petition as to Agricultural. Pittman has appealed.
*927 It is the position of Agricultural that, as shown by the policy itself, it was not in force at the time the loss occurred. It is the position of Pittman that if, as the original plaintiffs allege, the explosion occurred during the construction of the building, then the builders’ risk insurer is or might be liable. In support of this contention Pittman calls our attention to the cases of King v. Mason, La.App., 95 So.2d 705 and 234 La. 299, 99 So.2d 117, and Kendrick v. Mason, 234 La. 271, 99 So.2d 108.
These cases are not apposite. It is true that they allowed recovery against the insurer, under a policy indemnifying the contractor only for such damages as occurred during the progress of the performance of the work, for an accident which occurred after the completion and acceptance of the work. But these were comprehensive general liability policies and the accident resulted from a tort committed prior to the completion of the work and while the policies were in force and effect.
The instant case is clearly distinguishable. Here we are not concerned with a liability policy; there is no coverage for bodily injury and neither Pittman nor anyone else was insured against negligence. This insurance is against loss or damage to the property by explosion, or the other perils covered, during the time the policy was in force and effect regardless of the presence or absence of negligence. Whether the construction of the hospital was complete or incomplete at the time of the explosion is immaterial. Under the policy Agricultural was required to pay for damage done by an explosion during the term of the policy, April 1, 1958 to April 1, 1959. The damage did not occur during that time; it occurred on September 12, 1959, at which time the policy was no longer in existence. There can be no liability on the part of appellee. The exceptions were properly maintained.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.