526 So.2d 1382 (1988)
Jo Ann FUTRELL, Plaintiff-Appellee,
v.
PREMIERE LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 19706-CA.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1988.
Rehearing Denied July 7, 1988.
*1383 Touchstone & Wilson by David M. Touchstone, Shreveport, and Bruce M. Danner and Phillip S. Brooks, Metairie, for defendant-appellant.
Blanchard, Walker, O'Quin & Roberts by Lawrence W. Pettiette, Jr., Shreveport, for plaintiff-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
This is an action for benefits under a credit life insurance policy. The defendant, Premiere Life Insurance Company, appeals a judgment against it for the sum of $10,351.00 plus penalties and court costs in favor of the plaintiff, Jo Ann Futrell. We amend and affirm.
Premiere makes four assignments of error on appeal. It contends the trial judge erred in:
1. finding the policy sued upon was in effect;
2. rendering judgment in favor of Jo Ann Futrell rather than the estate of her late husband, Karrol Futrell, the insured;
3. awarding judgment for more than the amount of the policy; and
4. awarding statutory penalties under LSA-R.S. 22:656.
The Facts
This case arises out of the following facts.
On September 20, 1984, Karrol D. Futrell obtained a loan from Republic Bank to purchase a lot. At that time he also purchased a policy of credit life insurance from Premiere through its agent, Republic Bank. The premium for this policy, $517.56, was withheld from the proceeds of the loan and credited to Premiere's account.
Futrell was issued a certificate of insurance. This certificate was completed by the loan officer, Fred Palmer, who did not complete the brief "Health Statement" portion of the document. Palmer testified this was not completed because it was not considered necessary in light of the small amount of the loan and policy.
The certificate provided as follows in paragraph 12.
The Company reserves the right to decline or reject the insurance on the Insured Debtor and/or Spouse notifying the Creditor beneficiary within thirty-one (31) days of the date the Certificate is received by the Company. The Company shall refund the premium to the Creditor Beneficiary and upon refunding of such premium this Certificate of insurance shall be void and the Company shall have no further liability hereunder.
Republic Bank retained the executed copy of the certificate at the time it was issued on September 20, 1984. Republic forwarded the certificate to the company's mailing address with others. The certificate was delivered to the company's mailing address on October 19, 1984. By a letter dated November 5, 1984, Credit Insurance Division, a division of a company which performed underwriting services for Premiere wrote Futrell and advised him "... before we can accept your application, some additional information is needed." Futrell supplied the requested information to Republic which forwarded it to Credit Insurance Division where it was received November 16, 1984. Mr. Futrell was notified by a letter from Credit Insurance Division, dated November 27, 1984, that his application was rejected. The testimony shows the application was rejected because Futrell had previously suffered a heart attack.
On December 4, 1984, the amount of the credit life premium was applied to Futrell's loan balance. On March 8, 1985, Mr. Futrell died of cancer which had been discovered in late October, 1984.
The trial judge found the appellant had not timely rejected or declined the insurance and rendered judgment for the face amount of the policy plus 8% penalties and court costs. This appeal followed.
Assignment # 1
Appellant argues that under the provisions of paragraph 12 of the certificate it had 31 days from its receipt of the *1384 certificate to reject the insurance. Appellant contends this period did not begin to run until it received the certificate on October 29, 1984, and that it timely rejected or declined the insurance.
Appellant relies on Duplissey v. Southern United Life Ins. Co., 385 So.2d 540 (La.App. 3d Cir.1980), writ den., 392 So.2d 1067 (La.1980), to support this position. The facts of Duplissey, particularly the policy language, are very much like this case. In Duplissey the certificate provided the company could decline the insurance "... within 31 days from the time the individual certificate was received in the home office." The court, without discussion or citation of authority, interpreted this provision to mean that the 31 day period began running when the certificate was received in the "home office" of the company.
This court has followed Duplissey when considering a certificate which specifically provided the delay for rejecting the coverage would begin from the time the certificate was received in the company's "home office." Keiffer v. Southern United Life Ins. Co., 437 So.2d 919 (La.App. 2d Cir. 1983), writ den., 442 So.2d 456 (La.1983). In such circumstances Duplissey is in accord with the rule that where an insurance contract is clear and expresses the intention of the parties the contract is enforced as written but all uncertainties and ambiguities are construed in favor of the insured. Dean v. Union National Fire Insurance Company, 301 So.2d 925 (La. App. 2d Cir.1974).
The certificate in Duplissey and Kieffer is clear and unambiguous. Where the insurer meant home office it wrote home office.
However, in this case Premiere contends that where it wrote company it actually meant home office. This is contrary to the general rule expressed in Dean in that Premiere in effect argues that the term company is ambiguous and should be interpreted in its favor to mean home office. Under Dean the term "company" if ambiguous should be construed in favor of the insured.
We find that receipt of the certificate by the agent of the company was receipt of the certificate by the company. Cf. New Jersey Life Insurance Co. v. Henri Petetin, Inc., 311 So.2d 454 (La.1975) (Premiums paid to agent constitute payment to the insurer); LSA-R.S. 22:180.
Appellant points out that under the contract between it and Republic, the bank was under an obligation to promptly forward certificates to the company. While this is true and the evidence reflects that the certificates were forwarded no more often than twice per month and this particular certificate was received in the company's office twenty-nine days after it was received by the agent these facts do not work to Premiere's advantage. This is so because the failure of an agent to fully perform its duties to the insurer does not invalidate its acts as to the insured. Couch on Insurance, § 26A:264. Premiere cannot defeat its obligations to its insureds on the basis of the faults of its agent. ThatPremiere did not have sufficient time to complete its underwriting decisions within 31 days of the receipt of the certificate is due solely to its failure to cause its agent to comply with the terms of the agency contract. The evidence shows that the underwriting function can be completed within 31 days of the agent's receipt of the certificate if it is forwarded to the underwriting office within the time allowed in the agency contract.
The trial judge correctly found the policy was in effect. This assignment of error is without merit.
Assignment # 2
Appellant contends through this assignment of error that the judgment in this matter should have been rendered in favor of the Estate of Karrol Futrell rather than in favor of Jo Ann Futrell.
This suit was originally filed on behalf of Jo Ann Futrell. Appellant filed an exception of no right of action and the plaintiff then moved to add the succession of Karrol Futrell as a party plaintiff through her in her capacity as executrix of the succession.
*1385 At the trial of this matter it was stipulated that any recovery would be first applied to the balance on the loan taken out by Mr. Futrell and any additional amounts would go to the estate. In order to give effect to this stipulation we will amend the judgment to provide the award is made to Mrs. Futrell in her capacity as executrix of the succession, Karrol Futrell, and to the Republic Bank to the extent of the unpaid balance of the Karrol Futrell loan.
Assignment # 3
Through this assignment appellant contends the judgment exceeds the amount due under the policy and that it is entitled to a set-off in the amount of the returned premium. Appellee argues these are affirmative defenses which were not raised at trial and cannot be considered now.
The issue of the calculation of the amount due under the policy is properly before us. It is not an affirmative defense for the reason that proof of the amount due under the insurance contract is part of the plaintiff's case. The plaintiff has attempted to prove the amount due by offering into evidence the insurance policy. The policy provides on its face that it is monthly decreasing term insurance. It also provides in paragraph 2 the method for calculating the amount due under the policy.
This provision provides for a monthly reduction of the amount of the policy equal to the initial amount of the policy divided by the number of months in its term. This policy was issued for a term of 60 months and had an initial amount of $10,351.20. The amount due under this policy is calculated as follows:
(a) $10,351.20 (initial amount) divided by 60 = $172.52 (monthly reduction)
(b) $172.52 (monthly reduction) × 5 (months in force) = $862.60
(c) $10,351.20 - 862.60 = $9,488.60 (amount of insurance)
We will amend the judgment to reduce the principal amount of the judgment to $9,488.60.
The appellant contends the amount of the judgment should be further reduced by the earned portion of the refunded premium. We disagree. Set-off is an affirmative defense which must be specifically pleaded. Jacobs v. Grayson, 432 So.2d 1036 (La.App. 1st Cir.1983); LSA-C. C.P. art. 1005.
The defendant did not raise this defense in its answer and, therefore, we decline to consider it here.[1]
Assignment # 4
Through this assignment appellant contends that the trial judge should not have awarded penalties under LSA-R.S. 22:656. It argues that its interpretation of its policy was reasonable and that this provided just cause for its failure to pay the amount due under the policy.
Appellant concedes in its brief that it does not dispute the trial court's findings of fact. We note that those findings are completely correct and no contradictory evidence was supplied by defendant. This case did not arise from a factual dispute. It is based on appellant's erroneous interpretation of its policy.
An insurer's failure to properly interpret its own policy does not constitute reasonable grounds for its failure to pay a claim thereunder. Reichert v. Continental Insurance Company, 290 So.2d 730 (La.App. 1st Cir.1974), writ den., 294 So.2d 545 (La.1974).
The appellant points to no justification for its action other than its erroneous interpretation of its own policy. This does not constitute just cause under LSA-R.S. 22:656. The trial judge properly awarded penalties.
The second paragraph of the judgment of the district court is amended as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Jo Ann Futrell, as executrix of the succession of Karrol D. Futrell, and the Republic Bank to the extent *1386 necessary to liquidate the Karrol D. Futrell loan, and against Premiere Life Insurance Company for the sum of Nine Thousand Four Hundred Eighty-eight and 60/100 ($9,488.60) Dollars together with eight (8%) per cent of the principal amount per annum from date of judicial demand until paid as penalties plus legal interest from March 8, 1985, until paid and all court costs in the trial court."
As amended the judgment is affirmed and costs of this appeal are taxed against appellee.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, J. JONES, Fred W. JONES, Jr. and SEXTON, JJ.
Rehearing denied.
NOTES
[1] We are aware of no reason why defendant might not seek recovery of any premium due from the succession.