Plaintiff instituted this suit to recover on a policy of fire insurance issued by the defendant company. He alleged his loss and submitted proof of his claim. The facts are undisputed and the case involves only the interpretation of the insurance policy.
Appellant's garage and its contents were destroyed by fire and damage to his residence was caused in the admitted amount of $35. It is plaintiff's contention that the policy of insurance covered the garage as well as the residence building. Defendant contends the policy only covered the building occupied as a residence and did not cover the garage and its contents. After suit was filed defendant deposited in the Registry of the Court $35 and Court costs up to that time and resisted plaintiff's demands for loss caused by the destruction of the garage.
The lower court sustained defendant's contentions and awarded plaintiff judgment for the $35 deposited in the Court Registry and plaintiff is now prosecuting this appeal.
The policy is written on Form T-18, as revised February, 1940, covering dwellings and household furniture for third and fourth class cities, towns and country. It insured plaintiff for an amount not to exceed $1,500 on the building and in an amount not to exceed $1,000 on household goods, personal effects, etc., contained in said building. The exact language of the policy and the clause up for interpretation is as follows: "* * * on the one-story, frame, composition roof building and additions thereto directly and immediately adjoining and communicating, while occupied as a dwelling by owner * * *."
The dwelling house and the garage are located on an acre tract of land which is enclosed by a picket fence. The garage, a one-room building, 20 by 40 feet, is situated to the east and to the rear of the dwelling. The nearest points between the corner of the dwelling and the corner of the garage is 18 feet. The path or walk leads from the dwelling to the garage. Electric light wires run from the dwelling to the garage and a switch is provided in both buildings. The lights in the dwelling can be turned on from the garage and vice versa. This is called a three-way switch. In no other way are the dwelling and the garage connected.
The policy describes the additions to the dwelling to be covered by the policy as those directly and immediately adjoining and communicating. "Directly" means in a direct line or manner — without medium, agent or go-between; immediately; as soon as possible; exactly; precisely. *Page 244 
"Immediately" means in an immediate manner; without lapse of time; instantly; at once; without the intervention of anything; directly. It has been defined as having nothing intervening either as to place, time or action.
"Adjoin" has been defined in 1 Corpus Juris 1197, 1198; 2 C.J.S. p. 1, to be contiguous to or in contact with; to lie near or be next in contact; to be contiguous; to join or unite to; to be in contact to; to attach; to append. "Adjoining" means contiguous; abutting; touching or contiguous as distinguished from lying near or adjacent. "Communicating" means to be connecting as by a passage from one to the other.
If the word "adjoining" was not sufficient and clear in its meaning it was made so by the adverbs directly and immediately preceding it, and the term "communicating" following it. The restrictive and qualifying adverbs make it clear that the policy did not cover the garage, which was 18 feet distant from the insured dwelling house and it would take an erroneous definition of the word "communicating" to find that it covers the garage. If the garage had been connected with the dwelling by a shed, walk or other enclosed passageway, a different view could be taken. Our view in this case is supported by the opinion in the case of McMahon v. People's National Fire Insurance Company, 14 Orleans App. 269, with Judge St. Paul as the organ of the Court. A writ of review was denied in that case by the Supreme Court. The policy in that case covered, "A two-story frame building with slate roof, and its additions, adjoining and communicating, occupied as a dwelling." On the same lot with the dwelling there was a one-story, out-house used partly as a garage and partly as a servant's quarters. It was entirely detached from the dwelling house and separated by a distance of 30 odd feet. Leading from the dwelling to the out-house was a broad Schillinger walk. The out-house was damaged in a storm that also caused damage to the dwelling house. Plaintiff contended that the policy covered the outhouse, under the coverage of additions to the dwelling house. The Court rejected plaintiff's contentions in that case and in doing so reviewed all the Louisiana jurisprudence on the subject and many decisions of other jurisdictions. The syllabus of that case correctly reflects its holding. It is as follows: "In a matter of insurance, additions to a building include only such structures as are attached to and structurally connected with the main building, and not outhouses entirely detached and wholly disconnected from said main building, especially where such additions are required to be adjoining and communicating with said main building."
It is our opinion the ruling in the above case is sound and we deem it unnecessary to quote from or discuss the many decisions dealing with the question from other jurisdictions, some of which uphold plaintiff's contentions in this case, although the majority of them hold to the view expressed by the Orleans Court of Appeal in the McMahon case.
We are convinced the judgment of the lower court is correct and it is affirmed with costs.
TALIAFERRO and HAMITER, JJ., concur.