WHITEHALL COMPANY, LTD. *vs.* NEW HAMPSHIRE INSURANCE COMPANY. March 7, 1972. In this contract action the only issue for our determination is whether an insurance policy issued to the plaintiff by the defendant covers the loss hereinafter described. On November 29, 1965, a sealed trailer leased to the plaintiff and containing cases of whiskey was shipped from Pennsylvania to Boston on a railroad flat-car. On December 2, 1965, the trailer arrived in Boston and was removed from the flat-car and placed on the premises of the Boston and Maine Corporation. Notice of the trailer's arrival was given to the plaintiff. The governing bill of lading provided that at the expiration of forty-eight hours after notice of the arrival the railroad would hold the trailer as "warehouseman only." Sometime around December 17, 1965, the trailer and its contents were stolen from the

railroad's premises.   The insurance policy in question covered goods "in transit between places in the United States to places in the United States."   It also covered goods "during transportation on motor trucks or trailers of the assured."   The judge found for the defendant.   The judge's decision was correct.   The trailer had come to rest in Boston, its ultimate destination, and had been standing on the railroad's premises for a period of two weeks prior to the theft.   According to our interpretation of the applicable language, the trailer was not "in transit" at the time of the theft nor was it stolen "during transportation."   "The natural meaning of the words 'transit' and 'transportation' . . . is that it shall be in the course of movement by some kind of carriage from one place to another."   *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 472.   "Transportation implies the taking up of persons or property at some point and putting them down at another."   *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150, 155, quoting from *Gloucester Ferry Co.* v. *Pennsylvania*, 114 U. S. 196, 203.   This case is clearly distinguishable from those cases wherein there has been a stop during the course of an otherwise uninterrupted journey.   See *Koshland* v. *Columbia Ins. Co., supra,* at 472–474.   We have reviewed the plaintiff's remaining arguments and find them to be without merit.

*Exceptions overruled.*

The case was submitted on briefs.
*Mark A. Michelson* for the plaintiff.
*Brian J. Moran & John W. Burke* for the defendant.