327 So.2d 433 (1976)
Harold DONOVAN
v.
Leon NETTLES et al., Defendants-Appellants,
Victor Lota et al., Appellees.
No. 7266.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1976.
*434 Birdsall, Alvarez & Rodriguez, Lowell W. Davis, Jr., New Orleans, for plaintiffappellee.
Bienvenu, Foster, Ryan & O'Bannon, H. F. Foster, III, New Orleans, for defendants-appellants (Leon Nettles and O. P. Gaudet, Jr.).
Drury, Lozes & Curry, James H. Drury and Bradford H. Walker, New Orleans, for defendants-appellants (Morris G. West and Leonard Ramon).
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Edward P. Lobman and Jack M. Alltmont, New Orleans, for State Farm Fire & Cas. Co. (third-party defendant-appellee).
George J. Richaud, Metairie, for Liberty Mut. Fire Ins. Co. (third-party defendantappellee).
Schumacher, McGlinchey, Stafford, Mintz & Hoffman, Donald R. Mintz and William F. Bologna, New Orleans, for Old Reliable Fire Ins. Co. (third-party defendant-appellee).
Before GULOTTA, SCHOTT and BEER, JJ.
SCHOTT, Judge.
Plaintiff brought suit against a number of his co-employees, including the four appellants alleging that he was injured while he was on the job with his employer under the direct supervision of the defendants, including appellants. He charged them with negligence in the performance of their duties as foremen or supervisors in charge of his work. The four appellants, Nettles, Gaudet, West and Ramon, brought third-party demands against appellees, which are insurers who had issued to each of appellants a homeowners policy which included liability insurance. In their third-party demand appellants prayed for judgments for the costs and attorneys' fees incurred by them in defending against the main demand as well as indemnification. Appellees denied coverage, and from summary judgments rendered in their favor dismissing the third-party demands appellants have taken this appeal.
Each policy of insurance contains the following exclusion from liability coverage:
"d. To bodily injury or property damage arising out of business pursuits of *435 any Insured except activities therein which are ordinarily incident to nonbusiness pursuits;"
Each policy defines "business" to mean:
"A trade, profession or occupation, including farming, and the use of any premises or portion of residence premises for any such purposes;"
The position of each of the appellants is identical except for Gaudet who, at the time of the accident, was on vacation, and who argues therefore that the allegations of the original petition to the effect that he was negligent in the performance of his duties are patently false.
Concerning all of appellees' obligations to defend their insureds, the following is applicable from American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253, 259 (1970):
"Generally the insurer's obligation to defend suits against the insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the insured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage."
The questions are therefore whether there is coverage under the policies and whether the petition unambiguously excludes that coverage so as to relieve appellees of their obligations to defend under their policies.
Appellants apparently concede that if the exclusion clause quoted above stood alone or the definition of "business" was simply "a trade, business or occupation" there would be no coverage pursuant to such decisions as Pitre v. Pennsylvania Millers Mutual Insurance Co., 236 So.2d 920 (La.App.3rd Cir. 1970) and Berry v. Aetna Casualty & Surety Company, 221 So.2d 272 (La.App. 2nd Cir. 1969). But appellants would distinguish the instant case from those cited because of the manner in which "business" is defined in appellees' policies. They contend that the use of the conjunctive "and" between the word "farming" and the phrase "the use of any premises. . . for any such purposes" restricts "business" to those situations where the insured's occupation is performed on his premises. They reason that since the allegations of the petition are to the effect that the accident occurred on the job and not on any of the insured's premises the business pursuits exclusion does not apply. Furthermore, they say that if their interpretation of the definition of business is not correct, the definition is at least ambiguous and must therefore be construed against the insurers.
Taking the intended meaning of the definition first, it seems clear that the word "and" in the definition was intended to have the meaning of the disjunctive "or." These homeowners policies combine such coverages as fire insurance which are directly related to the homes of the insureds with other coverages against risks arising away from the homes, but their primary function is to provide a package of coverage for the insured in his homeowner capacity. Under the construction advocated by appellants the result would be that the homeowners policies would protect the insured engaged in business pursuits away from home but would exclude coverage for business pursuits in their homes. This result would be incongruous.
Furthermore, if appellants' interpretation is correct the first reference to "trade, profession or occupation" would be surplusage because the second part of the definition standing alone excludes coverage for the use of the premises for the trade, profession or occupation of the insured. Effect must be given to both parts of the definition and the first part of the definition stands alone to exclude coverage in this case.
*436 Conceding, however, that the definition is ambiguous from a dialectic point of view, we are not inclined to invoke in this situation the principle that ambiguities in an insurance policy are to be construed against the insurer. The principle permits an exception where the interpretation would be unreasonable or would lead to absured results. Reichert v. Continental Insurance Company, 290 So.2d 730, 733 (La.App.1st Cir. 1974). Based upon what we have already said this would be the result were we to accept appellants' interpretation of the policy language under consideration here. In Maggio v. Manchester Ins. Co., 292 So.2d 255 (La.App. 4th Cir. 1974) it was said that "a reasonable interpretation consistent with the obvious meaning and intent of the policy must be made." We do not agree with appellants that their interpretation can stand this test.
As to the obligation to defend, we find no ambiguity in the petition, but on the contrary find that the petition "unambiguously excludes coverage" so as to exempt appellees from the obligation to defend under the holding of American Home Assurance Company v. Czarniecki, supra.
We find no exception in the case of Gaudet who contends that he was on vacation at the time of the alleged accident on the job. Gaudet argues that the allegations are obviously false against him and points to the policy of his insurer, which obligates the company to defend any suit "even if any of the allegations of the suit are groundless, false or fraudulent." This problem normally arises where allegations are made which would include coverage, but the insurance company attempts to evade its obligation to defend contending that the allegations are false. The courts have uniformly held that the obligation of the company to defend stems from the allegations of the petition, whether true or false. The other side of the coin must certainly apply. In this case, the allegations of the petition may be false but they exclude coverage, and under those circumstances the company has no obligation to defend its insured.
Accordingly, the judgment appealed from is affirmed at appellants' cost.
Affirmed.