353 So.2d 307 (1977)
SOUTHERN STATES MASONRY COMPANY, INC.
v.
MISSION INSURANCE COMPANY.
No. 11568.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Writ Refused February 17, 1978.
*308 Lee C. Kantrow, Baton Rouge, of counsel, for plaintiff-appellant, Southern States Masonry Co., Inc.
Robert Vandaworker, Baton Rouge, of counsel, for defendant-appellee, Mission Ins. Co.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Plaintiff-Appellant (Southern), sub-contractor on the project for construction of the new Our Lady of the Lake Hospital, Baton Rouge, Louisiana, appeals dismissal of his action against the builder's risk insurer of the prime contractor and project owner, for the loss of fabricated materials intended for installation in the hospital project which were destroyed by natural forces while located on Appellant's premises. The trial court rejected Appellant's claim upon finding the goods were not "in transit" to the construction site and therefore not within the coverage provided by the policy issued by defendant Mission Insurance Company (Insurer). We affirm.
The essential facts are undisputed and stipulated. Southern Builders, Inc. (Contractor) is the general contractor for the hospital project being constructed for Our Lady of the Lake Hospital, Inc. (Owner). Appellant has a sub-contract with Contractor for the performance of certain brick and masonry work for the job. Pursuant to its sub-contract, Appellant assembled certain brick panels at Appellant's place of business, off the hospital construction site, which panels were designed for incorporation in the hospital project. On or about May 8, 1975, while said assembled panels were on Appellant's premises, they were destroyed by high winds. The panels were composed of materials ordered by Appellant for the specific work.
The policy in question, which names Our Lady of the Lake Hospital, Inc., Southern Builders, Inc., Department of Health, Education and Welfare of the United States, State Treasurer of the State of Michigan and Custodian of State Employees Retirement System Funds, A.T.I.W.A. as insureds, provides coverage as follows:
"8. PROPERTY COVERED:
Any and all materials, equipment, machinery and supplies of any nature whatsoever, to be used in or incidental to the fabrication and/or erection and/or completion of the project stated in Item F of Declarations, while in transit by land, air or water conveyance under and/or on deck from points and/or places in the 48 contiguous United States, the District of Columbia and/or Canada to the erection site as stated in Item F of Declarations, and while there awaiting and during erection *309 and/or installation, subject to the limitations of Item C of Declarations. Also said property while in transit in the 48 contiguous United States, The District of Columbia and/or Canada prior to delivery to the erection site.
In the event of loss or damage by perils insured under this policy, this insurance shall also pay the cost of removal of material and debris being an insured part of the property, including cost of removal or demolition of any portion of the insured property no longer useful for the purpose for which it was intended. This clause does not increase the limits of liability stated in Item D of Declarations attached hereto."
"14. It is hereby understood and agreed that no claim for loss or damage during transit shall be payable hereunder until claim has been filed with the carrier and the carrier has either denied liability or until a reasonable time has elapsed during which the Insured has made efforts to secure payment or denial of liability on the part of the carrier."
Appellant, although not a named insured under the policy, asserts its claim herein by virtue of an assignment from Contractor of all claims Contractor might have for the loss. Insurer contends Appellant has no right of action herein because Appellant is not a named insured. The trial court held that Section 8 provides coverage only: (1) while goods are in transit on a conveyance; (2) while at the erection site awaiting erection and/or installation; and, (3) while at the erection site during erection and/or installation. Finding no coverage, the trial concluded there was no need to consider Appellant's alleged lack of right of action.
Appellant contends coverage under Paragraph 8, above, is twofold. First, it is argued that the first sentence of the paragraph affords coverage because it includes all materials, equipment, machinery and supplies to be used in or incidental to the fabrication and/or erection and/or completion of the project; (i) while in transit on conveyance to the erection site; (ii) while awaiting erection and/or installation at the erection site; and, (iii) during erection and/or installation. It is argued that the trial court erred as a matter of law in construing the first sentence of Paragraph 8 to limit coverage to materials in transit on conveyance and not to extend coverage to stopovers during transit because if Insurer intended to so limit its coverage Insurer could have done so by express provision and Insurer's failure to do so must be construed favorably to the insured.
Appellant maintains next that the second sentence of Paragraph 8 indicates intent to insure materials destined for incorporation in the project, although temporarily out of transit on a conveyance because it provides coverage: "Also said property while in transit in the 48 contiguous United States, the District of Columbia and/or Canada, prior to delivery to the erection site." Appellant suggests that since the second sentence must be deemed to serve some purpose and because it would be rendered otherwise meaningless and redundant, it can only mean that "in transit" as therein employed includes a type of transit other than that contemplated in the first sentence of the paragraph. According to Appellant, this added coverage becomes apparent when consideration is given the phrase "prior to delivery to the erection site", which is not found in the first sentence. Therefore, Appellant urges, coverage of materials was intended from commencement of their journey from point of origin to the erection site.
Reliance is placed by Appellant on the definition of "transit" appearing in Black's Law Dictionary, 4th edition, as follows:
"A stop-over privilege on a continuous journey granted by carrier by which a break de facto in continuity of carriage of goods is disregarded and two legs of a journey are treated as though covered without interruption, uniting both legs into a through route for which a joint rate can be published. Galveston Truck Line Corporation v. State, Tex.Civ.App., 123 S.W.2d 797, 802; Baltimore & O. R. Co. v. United States, D.C.N.Y., 24 F.Supp. 734, 735."
*310 In reaching its conclusion, the trial court relied on Webster's New Collegiate Dictionary, G. and C. Merriam Co., (8th Edition, 1976), which defines "transit", inter alia, as "the conveyance of persons or things from one place to another." This according to the trial court indicated that transit implies movement in some manner.
Appellant contends, in substance, that "transit" includes a stopover in transportation of materials to an erection site and is not limited to actual movement on a conveyance.
An insurance policy is the law between the parties and it must be interpreted as written when its provisions are clear and unambiguous. Sylvest v. Employers Liability Assurance Corporation, 252 So.2d 693 (La.App. 1st Cir. 1971).
Where the terms of a policy are clear, the words employed are to be taken in their usual and ordinary sense. Atlas Lubricant Corporation v. Federal Insurance Co. of New Jersey, 293 So.2d 550 (La.App. 4th Cir. 1974).
The general rule that ambiguities in an insurance policy are to be construed favorably to the insured and adversely to the insurer is subject to the limitation that it will not be applied when its application will produce an unreasonable and absurd result. Donovan v. Nettles, 327 So.2d 433 (La.App. 4th Cir. 1976); Reichert v. Continental Insurance Company, 290 So.2d 730 (La.App. 1st Cir. 1974).
The issue presented appears res nova so far as our own jurisprudence is concerned. Similar policy coverages have, however, been interpreted in other jurisdictions. In Massachusetts, for example, a similar policy provision was held to contemplate transit in the form of movement by some means of carriage from one place to another. Whitehall Company, Ltd. v. New Hampshire Insurance Company, 361 Mass. 865, 281 N.E.2d 234 (1972). A Texas case, Simons v. Niagara Fire Insurance Company, 398 S.W.2d 833 (Tex.Civ.App.1966), held transit, in a similar policy, means activity, motion and direction and also means in the course of passing from one point to another and thus ordinarily implies goods being picked up at a particular place and conveyed to a designated destination.
Insofar as coverage is provided goods in transit within the coverage in question, we find the key words to be "in transitto the erection site" appearing in both the first and second sentences of Paragraph 8, above. Granted some ambiguity results from the difference in verbiage of the first and second sentences of Paragraph 8, above, nevertheless, all policy provisions must be construed together to ascertain intent. From the whole, including Paragraph 14, which conditions payment of loss on prior submission of claim to the carrier, we conclude in transit coverage is limited to goods being conveyed from one point to the erection site.
We agree with the trial court's conclusion that to extend in transit coverage to all deviations (stopovers) would expose Insurer to liability for losses experienced by all shippers, regardless of the risk increase resulting from the circumstances under which goods may be kept or stored on the shipper's premises or other premises on which the shipper might decide to store goods awaiting further movement toward their destination. Nothing in the policy indicates intent on the part of the Insurer to assume such illimitable, unknown risks. To extend the policy to such hazards would, in our judgment, unreasonably increase coverage and reach a patently absurd result.
Having found the policy does not cover the loss claimed, it is unnecessary that we consider Insurer's exception of no right of action.
The judgment is affirmed at Appellant's cost.
Affirmed.