Mrs. Theone M. HALPERN,
Plaintiff-Appellant,

v.

LEXINGTON INSURANCE COMPANY,
Defendant-Appellee.

No. 83–3204

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1983.

Montgomery, Barnett, Brown & Read, Nathan T. Gisclair, Jr., Gus A. Fritchie, III, New Orleans, La., for plaintiff-appellant.

Bienvenu, Foster, Ryan & O'Bannon, Ernest L. O'Bannon, Arthur W. Landry, New Orleans, La., for defendant-appellee.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

The plaintiff brought this diversity action to recover under an insurance policy. After a bench trial,[1] the district court denied the plaintiff's claim, and the plaintiff timely appealed. We affirm.

---

1. The case was tried on the basis of stipulated facts, exhibits, and depositions.

This case involves a claim under a fire insurance policy issued by the defendant, Lexington Insurance Company ("Lexington"), insuring a number of properties owned by the plaintiff, Theone Halpern. The policy explicitly covered a building bearing municipal number 1519–21 Prytania Street. It made no mention of any property or building bearing the municipal number 1513 Terpsichore Street. Halpern owned property at both addresses.

On July 24, 1981, the building at 1513 Terpsichore was destroyed, and the 1519–21 Prytania structure damaged slightly, by fire. Halpern sought to recover for both, asserting that the 1513 Terpsichore Street property was intended to be covered by the 1519–21 Prytania designation, even though the policy mentioned only the latter. Lexington denied the claim, alleging that 1513 Terpsichore was not within the coverage of the policy and that the damage to the 1519–21 Prytania property, which was covered, did not exceed the policy's $1000 deductible limit. The trial court agreed with Lexington, finding that the insurance policy was unambiguous, and extended only to buildings, structures, additions, and extensions at 1519–21 Prytania; thus, the district court found that as a matter of law the building at 1513 Terpsichore was not protected. The court found further that, even if the language of the policy was sufficiently ambiguous to merit a factual determination, such a finding would necessarily be resolved in the defendant's favor.

■ Findings of fact made by a district court are presumptively correct, and "shall not be set aside unless clearly erroneous." Fed.R.Civ.P. 52(a). The meaning of "clearly erroneous" was set out by the Supreme Court in *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948): "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Although rule 52(a) is silent on the standard to be applied by an appellate court reviewing the trial court's

conclusions of law, the Fifth Circuit has repeatedly noted that "[i]n reviewing the legal rulings of the district court, the court of appeals is free to examine them and reach its own conclusions." *Sierra Club v. Sigler,* 695 F.2d 957, 967 (5th Cir.1983). *See also United States v. Grayson County State Bank,* 656 F.2d 1070, 1075 (5th Cir.1981), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982); *Western Beef, Inc. v. Compton Investment Co.,* 611 F.2d 587 (5th Cir.1980). This general rule is tempered somewhat where, as here, the district court's jurisdiction is based upon diversity of citizenship between the parties, and thus involves state law. In such a case, the court of appeals will accord great weight to the interpretation of state law by a district judge experienced in and familiar with the law of the state. *See Freeman v. Continental Gin Co.,* 381 F.2d 459, 466 (5th Cir.1967).

■ Here, it appears that the district court based its decision upon a legal conclusion. The court specifically found that the language of the insurance policy "[did] not appear to be ambiguous." Such a finding is one of law, since it necessarily places no reliance on extrinsic evidence. *See Makofsky v. Cunningham,* 576 F.2d 1223, 1229 n. 7 (5th Cir.1978). Under Louisiana law the district court was correct in looking to the face of the insurance policy contract to construe its meaning. The Civil Code of Louisiana provides that parol evidence is generally not admissible to interpret a contract. *See* La.Civ.Code Ann. art. 2276 (West 1952). Rather, the intent of the parties is to be determined by the words of the contract, as long as no absurdity will result. *See id.* at art. 1945(3). Only where the intent of the parties is unclear from the language of the contract is extrinsic evidence admissible to establish their intent. *See id.* at art. 1956. *See also White v. Rimmer & Garrett, Inc.,* 340 So.2d 283, 285–86 (La.1976); *Bank of New Orleans v. H.P.B., Jr. Development,* 427 So.2d 486, 491 (La.App. 5th Cir.1983). Because the insurance policy here at issue was indeed unambiguous on its face, and clearly did not cover the building at 1513 Terpsichore, we agree with the district

court that the policy covered only "buildings or structures ... includ[ing] attached additions and extensions" at 1519–21 Prytania Street.

Further, to the extent the district court went on to make findings of fact, they were not clearly erroneous. The clearly erroneous standard, discussed *supra,* is subject to an exception where, as here, the district court's factfinding is based solely on documentary evidence, in which case "[t]he appellant's burden, under Fed.R.Civ.P. 52(a), of showing that the trial judge's findings are 'clearly erroneous' is not as heavy ... as it would be if the case had turned on the credibility of witnesses appearing before the trial judge." *Sicula Oceanica, S.A. v. Wilmar Marine Eng. & Sales Corp.,* 413 F.2d 1332, 1333 (5th Cir.1969); *see also Sierra Club v. Sigler,* 695 F.2d 957 (5th Cir. 1983). The plaintiff cannot here meet even this lighter burden.

The record clearly reflects Lexington's ignorance of the existence of the 1513 Terpsichore building. It is apparent that Lexington had no intention to insure the Terpsichore property under the 1519–21 Prytania policy. As the court below correctly noted, even Halpern's agent was unaware of the existence of the Terpsichore property: "Mr. and Mrs. Halpern may have fully intended to cover the building under the policy, but such intention was never even communicated to their insurance broker, Mr. Schlesinger, much less any agent or representative of the defendant." *Halpern v. Lexington Insurance Co.,* 558 F.Supp. 1280, 1283 (E.D.La.1983). Furthermore, Schlesinger testified in his deposition that had he known that the 1513 Terpsichore property was intended to be included under the policy, he would not have considered it to be covered unless the words "and rear" were added to the description of the property at 1519–21 Prytania, which was actually covered.

▮ The plaintiff contends that, despite the fact that the Terpsichore Street property "technically bore a separate municipal address," "common sense" compels the conclusion that the 1519–21 Prytania and the 1513 Terpsichore properties are best described by the former address alone. The district court thought otherwise, and we agree. Even if such a contention succeeds in casting some ambiguity onto the insurance policy, the district court correctly identified and applied the relevant Louisiana law:

> In general, ambiguities in an insurance policy are to be construed favorably to the insured and adversely to the insurer. *Dean v. Nat'l Ins. Co.,* La.App., 301 So.2d 925 (1st Cir.1974). This rule, however, is subject to the limitation that it will not be applied to produce an unreasonable and absurd result. *See, e.g., Southern States Masonry Co. Inc. v. Mission Ins. Co.,* La.App., 353 So.2d 307 (1st Cir.1977), *writ refused* (1978). Furthermore, when it is the insured or his broker who supplies the language in question, here the description 1519–21 Prytania Street, the reasons behind the rule of construction favoring the insured completely disappear.

558 F.Supp. at 1283.

The plaintiff further urges error in the trial court's determination that the contract term "additions and extensions" did not include the 1513 Terpsichore property. The plaintiff argues that the Louisiana jurisprudence relied on by the court below is "inapposite" and that the law of other jurisdictions should instead control the issue. In response, we reiterate the deference with which we view a district court's interpretation of the law of the state in which it sits, *see Freeman v. Continental Gin Co., supra,* and note that our review of the applicable Louisiana law strongly supports the district court's conclusion. *Melder v. Great American Ins. Co.,* 9 So.2d 243 (La.App. 2d Cir. 1942), and *McMahon v. Peoples National Fire Ins. Co.,* 14 Orl.App. 269 (1917), stand for the proposition that "additions to a building include only structures as are attached to and structurally connected with the main building...." *Melder,* 9 So.2d at 243; *McMahon,* 14 Orl.App. at 270. The structure at 1513 Terpsichore was connected to the 1519–21 Prytania property by

virtue of electrical and telephone lines, water pipes, and underground sewer and water pipes. We do not find that the district court erred in concluding that such attachments do not constitute "structural connections." While the policy language at issue in *Melder* and *McMahon* varied to some extent from that here in question, the cases adequately support the court's determination.

Finally, the plaintiff contends that the defendant's denial of coverage was ill-motivated, arbitrary, and capricious, thus imposing liability under La.Rev.Stat.Ann. § 22:658 (West 1978) for penalties and attorney's fees. To have merit, this argument must necessarily be predicated upon a finding of Lexington's liability under the policy. Because we do not so find, there is no basis on which to reach the plaintiff's contention.

The decision of the district court is AFFIRMED.