| iKLEES, Judge.
Plaintiffs, Tillman Byrum and Donna By-rum, appeal the trial court’s judgment dismissing their claims against Allstate Insurance Company (“Místate”) and its agent Harold Treadway. We affirm.
On February 2, 1988, Tillman Byrum was injured when he fell from a balcony while installing cable television for his employer, Dynamic Cable, at 936 St. Peter Street, a rental property owned by Ronald Christner and his brother-in-law, Dr. Robert Reeder. Dynamic Cable was working as a subcontractor of Cox Cable. As a result of the accident Byrum and his wife filed suit against Christ-ner, Reeder, Cox Cable, and various insurers. Prior to trial, plaintiffs settled with all defendants except Allstate Insurance Company [“Allstate”], Christner and Reeder assigned their rights against Místate to plaintiffs.
*1036 The case was tried before a jury, and on January 19, 1994, the trial court rendered judgment in accordance with the jury verdict. The court assessed fault as follows: 40% to plaintiff Tillman Byrum, 45% to Ronald Christner, and 15% to Robert Reeder. Damages were awarded in the amounts of $1,590,-000.00 to Tillman Byrum and $25,000.00 to Donna Byrum, both subject to reduction of 40% to reflect the comparative fault of plaintiff. Finally, the court rendered judgment in favor of Allstate dismissing the claims of plaintiffs and of defendants Christner and Reeder against Allstate with prejudice. Because the trial court found no liability on the part of Allstate, the plaintiffs, who had settled with all other parties prior to trial, were left with an uncollectible judgment.
Plaintiffs filed a motion for judgment notwithstanding the verdict and a motion for a new trial, both of which were denied. This appeal followed.
The sole issue on appeal is whether the trial court’s ruling that Allstate had no insurance coverage on 936 St. Peter Street is proper. After reviewing the record, we find no basis upon which to overturn the trial court’s ruling.
With regard to the insurance coverage, there was a direct conflict in the trial testimony of Ronald Christner and Harold Tread-way, Christner’s Allstate agent. Pursuant to Allstate guidelines, Christner was permitted to add rental property, for liability coverage only, to his homeowner’s policy for a nominal fee. Harold Treadway had been Christner’s 12agent since 1973, and Christner dealt with him almost exclusively by telephone. Allstate was already insuring several rental units of Christner’s, and Christner testified that he called Treadway’s office in August of 1987 and requested that Allstate add liability coverage on 936 St. Peter Street to his homeowner’s policy. Christner admitted that he never received an endorsement from Allstate showing the new coverage, but he did not think this was unusual.
Treadway testified that Christner was lying. Treadway stated that Christner did not call him to request coverage on 936 St. Peter Street until August of 1988, six months after the accident had occurred. Treadway’s recollection of the conversation was quite clear. He remembered that because of Christner’s extreme agitation, he placed an 11:00 a.m. time on the change request rather than putting 12:01 p.m. the following day, which was his usual practice. Christner countered that Treadway was either lying or mistaken in his testimony. Treadway further stated that Christner failed to mention the accident when he requested the coverage.
Allstate had no written policy of coverage existing on the property at 936 St. Peter Street at the time of the accident. In Jury Interrogatory No. 10, the jury was asked the following:
Was Harold Treadway and/or his associates, agents or employees negligent in failing to provide liability insurance to Ronald Christner for the property located at 936 St. Peter Street, New Orleans, Louisiana prior to February 2, 1988?
The jury unanimously answered “No” to this question, indicating that they believed Tread-way’s version of events rather than Christ-ner’s.
As a reviewing court, we must give great weight to the factual conclusions of the jury, especially on matters of credibility. Where there is conflict in the testimony, as here, reasonable evaluations of credibility and reasonable inferences of fact cannot be disturbed on appeal absent manifest error. Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). In the instant case, it was reasonable for the jury to conclude, based on the evidence, that Christner never called Tread-way’s office to request coverage on 936 St. Peter Street until after the accident had occurred. We therefore find no manifest error in the trial court’s conclusion that Allstate was not liable.
^Plaintiffs also argue that the judgment in favor of Allstate should be reversed because of legal errors on the part of the trial court. First, plaintiffs contend that the trial court should have reformed the insurance policy to include coverage for 936 St. Peter Street. In Louisiana, an insurance policy may be reformed to conform to the original intention of the parties thereto, whether for mutual error or for the negligent, mistaken or fraudulent *1037 conduct of the agent who issues the policy. Herbert v. Breaux, 285 So.2d 829, 830 (La.App. 1st Cir.1973). In the instant ease, there was no mutual error as Allstate was never aware of Christner’s desire to add coverage for 936 St. Peter Street. Cf: Halpern v. Lexington Ins. Co., 558 F.Supp. 1280 (E.D.La.1983), aff'd, 715 F.2d 191 (5th Cir. 1983) (Where plaintiff made no mention to agent of the second of two properties she wanted insured, court declines to reform policy in the absence of a finding of mutual mistake). Moreover, the jury specifically found that the Allstate agent, Harold Tread-way, was not negligent. Therefore, reformation is not appropriate in the instant case.
Secondly, Allstate argues that pursuant to Louisiana Code of Civil Procedure article 1562(D), the court, not the jury, should have decided the issue of insurance coverage. This argument is without merit. Article 1562(D) provides that in order to simplify the proceedings or to permit a more orderly disposition of the case, the court may, with the consent of all parties, order a separate trial on the issue of insurance coverage, with this issue to be decided by the court alone, whether or not there is a jury in the case. Although Allstate filed a motion in limine seeking to have the issue of insurance coverage decided by the judge, the consent of all parties was never obtained, and the motion was never ruled upon. Now that the issue has already been decided by the jury, article 1562(D) no longer applies.
Finally, plaintiffs contend the jury verdict should be set aside because it is inconsistent. Plaintiffs argue that the jury was confused and did not understand that plaintiffs would receive no money as a result of their verdict. We disagree. Under Louisiana’s comparative fault system, the jury is often required to apportion the fault of parties who are no longer in the case due to pretrial settlements. Plaintiffs chose to settle with the other defendants prior to trial. The jury knew only that Christner had settled his exposure prior to trial, but was unaware of the situation concerning the other defendants. The mere fact that the jury awarded a large sum of money to plaintiffs and at the same time |4found no liability on the part of one defendant, Allstate, does not make the jury verdict inconsistent. We therefore reject this argument.
Accordingly, for the reasons given, the judgment of the trial court is affirmed. Costs are to be borne by appellants.

AFFIRMED.